IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| JUDICIAL WATCH, INC.<br>501 School Street, S.W., Suite 500<br>Washington, DC  20024, | )<br>)<br>)<br>) | |
| Plaintiff, | )<br>) | Civil Action No. |
| v. | )<br>) | |
| U.S. DEPARTMENT OF HOMELAND SECURITY<br>601 South 12th Street<br>Arlington, VA 22202, | )<br>)<br>)<br>)<br>) | |
| and | )<br>) | |
| U.S. DEPARTMENT OF JUSTICE<br>950 Pennsylvania Ave, N.W.<br>Washington, DC 20530-0001, | )<br>)<br>)<br>) | |
| and | )<br>) | |
| U.S. DEPARTMENT OF STATE<br>2201 C Street, N.W.<br>Washington, DC 20520, | )<br>)<br>)<br>) | |
| Defendants. | )<br>) | |

**COMPLAINT FOR DECLARATORY AND
INJUNCTIVE RELIEF**

Plaintiff Judicial Watch, Inc. brings this action against Defendants U.S. Department of Homeland Security ("DHS"), U.S. Department of Justice ("DOJ"), and U.S. Department of State ("DOS") to compel compliance with the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"). As grounds therefor, Plaintiff alleges as follows:

## JURISDICTION AND VENUE

1. The Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

2. Venue is proper in this district pursuant to 28 U.S.C. § 1391(e).

## PARTIES

3. Plaintiff is a non-profit, educational foundation organized under the laws of the District of Columbia and having its principal place of business at 501 School Street, S.W., Suite 500, Washington, DC 20024.

4. Defendant DHS is an agency of the United States Government. Defendant DHS has its principal place of business at 601 12th Street, Arlington, VA 22202. Defendant DHS has possession, custody, and control of records to which Plaintiff seeks access.

5. Defendant DOJ is an agency of the United States Government. Defendant DOJ has its principal place of business at 950 Pennsylvania Ave., N.W., Washington, DC 20530-0001. Defendant DOJ has possession, custody, and control of records to which Plaintiff seeks access.

6. Defendant DOS is an agency of the United States Government. Defendant DOS has its principal place of business at 2201 C St. N.W., Washington, DC 20520. Defendant DOS has possession, custody, and control of records to which Plaintiff seeks access.

## STATEMENT OF FACTS

7. On January 24, 2007, Plaintiff sent a FOIA request to Defendant DHS seeking access to the following records:

    a.    Communications between DHS (and its subordinate agencies) and any/all officers, agencies and/or representatives of the Government of Mexico concerning Osbaldo Aldrete-Davila, a Mexican national who testified in the prosecution of U.S. Border Patrol Agents Ignacio "Nacho" Ramos and Jose Alonso Compean over a shooting incident in Texas on February 17, 2005.

    b.    Communications between DHS and the U.S. Department of Justice (to include the Office of U.S. Attorney Johnny Sutton of the Western District of Texas) and/or the Department of State concerning Osbaldo Aldrete-Davila, a Mexican national who testified in the prosecution of U.S. Border Patrol Agents Ignacio "Nacho" Ramos and Jose Alonso Compean over a shooting incident in Texas on February 17, 2005.

    c.    The participation of DHS personnel in coordinating, facilitating and/or approving the lawful entry(ies) of Osbaldo Aldrete-Davilla into the United States (reportedly for the last time in February 2006). Mr. Aldrete-Davila reportedly entered the United States lawfully (with the approval of the U.S. Government) to obtain medical treatment, meet with federal investigators and to testify in court in El Paso, Texas.

8.    On January 24, 2007, Plaintiff also sent a FOIA request to Defendant DOJ seeking access to the following records:

    a.    Communications between DOJ and any/all officers, agencies and/or representatives of the Government of Mexico concerning Osbaldo Aldrete-Davila, a Mexican national who testified in the prosecution of U.S. Border Patrol Agents Ignacio "Nacho" Ramos and Jose Alonso Compean over a shooting incident in Texas on February 17, 2005.

    b.    Communications between DOJ and the U.S. Department of State and/or the Department of Homeland Security (and its subordinate agencies) concerning Osbaldo Aldrete-Davila, a Mexican national who testified in the prosecution of U.S. Border Patrol Agents Ignacio "Nacho" Ramos and Jose

        Alonso Compean over a shooting incident in Texas on February 17, 2005.

   c.    The participation of DOJ personnel in coordinating, facilitating and/or approving the lawful entry(ies) of Osbaldo Aldrete-Davilla into the United States (reportedly for the last time in February 2006). Mr. Aldrete-Davila reportedly entered the United States lawfully (with the approval of the U.S. Government) to obtain medical treatment, meet with federal investigators and to testify in court in El Paso, Texas.

   d.    Any/all agreements, deals, promises, settlements, grants, understandings, memoranda and/or letters granting any form of immunity to Osbaldo Aldrete-Davila.

   e.    Records detailing the terms and conditions permitting Osbaldo Aldrete-Davila to lawfully enter the United States.

9.    On January 24, 2007, Plaintiffs also sent a FOIA request to Defendant DOS seeking access to the following records:

   a.    Communications between DOS and any/all officers, agencies and/or representatives of the Government of Mexico concerning Osbaldo Aldrete-Davila, a Mexican national who testified in the prosecution of U.S. Border Patrol Agents Ignacio "Nacho" Ramos and Jose Alonso Compean over a shooting incident in Texas on February 17, 2005.

   b.    Communications between DOS and the U.S. Department of Justice (to include the Office of U.S. Attorney Johnny Sutton of the Western District of Texas) and/or the Department of Homeland Security (and its subordinate agencies) concerning Osbaldo Aldrete-Davila, a Mexican national who testified in the prosecution of U.S. Border Patrol Agents Ignacio "Nacho" Ramos and Jose Alonso Compean over a shooting incident in Texas on February 17, 2005.

   c.    The participation of DOS personnel in coordinating, facilitating and/or approving the lawful entry(ies) of Osbaldo Aldrete-Davilla into the United States (reportedly for the last time in February

2006). Mr. Aldrete-Davila reportedly entered the United States lawfully (with the approval of the U.S. Government) to obtain medical treatment, meet with federal investigators and to testify in court in El Paso, Texas.

10. Defendant DHS acknowledged receipt of Plaintiff's FOIA request by letter dated January 31, 2007. By letter dated February 13, 2007, Defendant DHS granted Plaintiff a fee waiver. As of March 16, 2007, Defendant DHS has failed to produce records responsive to Plaintiff's request.

11. Plaintiff's FOIA request was received by Defendant DOJ on January 29, 2007 at the latest. As of March 16, 2007, Defendant DOJ has failed to produce records responsive to Plaintiff's request or otherwise respond to the request in any fashion.

12. Plaintiff's FOIA request was received by Defendant DOS on January 30, 2007 at the latest. As of March 16, 2007, Defendant DOS has failed to produce records responsive to Plaintiff's request or otherwise respond to the request in any fashion.

## COUNT 1
(Violation of FOIA)

13. Plaintiff realleges paragraphs 1 through 12 as if fully stated herein.

14. Defendants have violated FOIA by failing to produce any and all non-exempt records responsive to Plaintiff's FOIA January 24, 2007 requests within the twenty (20) day time period required by 5 U.S.C. § 552(a)(6)(A)(i).

WHEREFORE, Plaintiff respectfully requests that the Court: (1) declare Defendants' failure to comply with FOIA to be unlawful; (2) order Defendants to produce any and all non-exempt records responsive to Plaintiff's January 24, 2007 FOIA requests and a *Vaughn* index of allegedly exempt responsive records by a date certain; (3) enjoin Defendants from continuing to

withhold any and all non-exempt records responsive to Plaintiff's January 24, 2007 FOIA requests; (4) grant Plaintiff an award of attorney's fees and other litigation costs reasonably incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E); and (5) grant Plaintiff such other relief as the Court deems just and proper.

Dated: March 16, 2007

Respectfully submitted,

JUDICIAL WATCH, INC.

/s/ Paul C. Orfanedes
Paul J. Orfanedes
D.C. Bar No. 429716
Jason B. Aldrich
D.C. Bar No. 495488
Suite 500
501 School Street, S.W.
Washington, DC 20024
(202) 646-5172

Attorneys for Plaintiff

CIVIL COVER SHEET
JS-44
(Rev.1/05 DC)

07-506

| I (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| JUDICIAL WATCH, INC. | U.S. DEPARTMENT OF HOMELAND SECURITY<br>U.S. DEPARTMENT OF JUSTICE<br>U.S. DEPARTMENT OF STATE |
| (b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF  11001<br>(EXCEPT IN U.S. PLAINTIFF CASES) | COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT<br>(IN U.S. PLAINTIFF CASES ONLY)<br>NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED |
| (c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)<br>Paul J. Orfanedes<br>JUDICIAL WATCH, INC.<br>501 School Street, SW, Suite 500<br>Washington, DC 20024<br>(202) 646-5172 | ATTORNEYS (IF KNOWN)<br>Case: 1:07-cv-00506<br>Assigned To : Leon, Richard J.<br>Assign. Date : 3/16/2007<br>Description: JUDICIAL V. US DEPT. HOMELAND SEC. |

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

- ○ 1 U.S. Government Plaintiff
- ● 2 U.S. Government Defendant
- ○ 3 Federal Question (U.S. Government Not a Party)
- ○ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

○ **A. Antitrust**

○ **B. Personal Injury/**

○ **C. Administrative Agency Review**
- ☐ 151 Medicare Act
- **Social Security:**
- ☐ 861 HIA ((1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g)
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g)
- **Other Statutes**
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

○ **D. Temporary Restraining Order/Preliminary Injunction**

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

○ **F. Pro Se General Civil**

28 USC 158
awal 28 USC 157
1s
'enalty
mus & Other
ights
Condition
ghts
1ark
ts
US plaintiff or
ant
ird Party 26
USC 7609

**Forfeiture/Penalty**
- ☐ 610 Agriculture
- ☐ 620 Other Food &Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 RR & Truck
- ☐ 650 Airline Regs
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

**Other Statutes**
- ☐ 400 State Reapportionment
- ☐ 430 Banks & Banking
- ☐ 450 Commerce/ICC Rates/etc.
- ☐ 460 Deportation

- ☐ 470 Racketeer Influenced & Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Satellite TV
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 900 Appeal of fee determination under equal access to Justice
- ☐ 950 Constitutionality of State Statutes
- ☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

---

Court Name: District of Columbia
Division: 1
Receipt Number: 4616002984
Cashier ID: lwebb
Transaction Date: 03/16/2007
Payer Name: Judicial Watch

CIVIL FILING FEE
 For: Judicial Watch
 Amount:    $350.00

CHECK
 Check/Money Order Num: 024711
 Amt Tendered:  $350.00

Total Due:     $350.00
Total Tendered: $350.00
Change Amt:    $0.00

07-0506

Only when the bank clears the
check, money order, or verifies
credit of funds, is the fee or debt
officially paid or discharged. A
$45 fee will be charged for a
returned check.

| ○ G. *Habeas Corpus/ 2255*<br><br>☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ○ H. *Employment Discrimination*<br><br>☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ○ I. *FOIA/PRIVACY ACT*<br><br>☒ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ○ J. *Student Loan*<br><br>☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |
|---|---|---|---|
| ○ K. *Labor/ERISA (non-employment)*<br><br>☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ○ L. *Other Civil Rights (non-employment)*<br><br>☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ○ M. *Contract*<br><br>☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ○ N. *Three-Judge Court*<br><br>☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**
- ⊙ 1 Original Proceeding
- ○ 2 Removed from State Court
- ○ 3 Remanded from Appellate Court
- ○ 4 Reinstated or Reopened
- ○ 5 Transferred from another district (specify)
- ○ 6 Multi district Litigation
- ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)
Freedom of Information Act, 5 U.S.C. Section 552. Defendant is improperly withholding records.

**VII. REQUESTED IN COMPLAINT**  ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23   DEMAND $ _____   Check YES only if demanded in complaint
JURY DEMAND:  YES ☐  NO ☒

**VIII. RELATED CASE(S) IF ANY**  (See instruction)  YES ☐  NO ☒  If yes, please complete related case form.

DATE 3/16/2007   SIGNATURE OF ATTORNEY OF RECORD _____

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I. COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III. CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV. CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI. CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII. RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.