IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JUDICIAL WATCH, INC.  )  <br>  ) <br> Plaintiff,  ) <br>  ) <br> v.  ) <br>  ) <br> U.S. DEPARTMENT OF HOMELAND ) <br> SECURITY, *et al.*,  ) <br> Defendants.  ) <br> _____ ) | Civil Action No. 1:07-cv-00506 (RJL) |

### PLAINTIFF'S MOTION FOR LEAVE TO FILE A SURREPLY

Plaintiff, Judicial Watch, Inc., by counsel, respectfully requests leave to file a surreply to Defendant U.S. Homeland Security's (DHS) reply to Plaintiff's opposition to an *Open America* stay. As grounds thereof, Judicial Watch states as follows:

### MEMORANDUM OF LAW

**I.    Introduction.**

On May 21, 2007, DHS filed a motion for an *Open America* stay on Judicial Watch's January 24, 2007 FOIA request. (Docket No. 7). DHS' motion requests an additional eleven (11) months, until and including May 2008, to process Judicial Watch's FOIA request. Memorandum of Points and Authorities in Support of Defendant United States Department of Homeland Security's Motion For an Open America Stay on Plaintiff's FOIA Request ("DHS Stay") at 3, 7. DHS' request is based primarily on its assertion that it is experiencing a heavy workload and has only a reduced staff with which to process FOIA requests. DHS Stay at 5, 9-10. DHS' reply echoed these same assertions. Defendant United States Department of Homeland Security's Reply to Plaintiff's Opposition to an Open America Stay ("DHS Reply") at

1-2 (Docket No. 13).

Judicial Watch has recently discovered facts that refute DHS' assertion that it cannot process Judicial Watch's FOIA request before May 2008. It is because of these newly discovered facts that Judicial Watch respectfully seeks leave from this Court to file the attached surreply. Judicial Watch asserts that this surreply is not simply a reiteration of previously made arguments and it will not unduly prejudice DHS.

**II.    Argument.**

Surreplys are within the Court's discretion to consider. Generally, the standard for granting leave is "whether the party making the motion would be unable to contest matters presented to the court for the first time in the opposing party's reply." *Lewis v. Runsfeld*, 154 F. Supp. 2d 56, 61 (D.D.C. 2001). The Court has also considered other surreply factors. For example, when the surreply has raised "important factual allegations of substantial import ... in the light of justice," a surreply may be granted. *Tniab v. Document Technologies, LLC, et al.*, 450 F. Supp. 2d 87, 89 (D.D.C. 2006). The Court also considers whether the surreply is helpful in the adjudication of the issues before it and whether it is "unduly prejudicial" to the non-moving party. *American Forest & Paper, Ass'n, Inc. v. EPA*, 1996 U.S. Dist. LEXIS 13230, * 11-12 (D.D.C. Sept. 4, 1996). Lastly, the Court takes into consideration whether the surreply is simply a reiteration of the moving party's previously made arguments. *Robinson v. Detroit News, Inc.*, 211 F. Supp. 2d 101, 113 (D.D.C. 2002).

In this case, Judicial Watch's surreply is based on important factual allegations it only recently discovered. Prior to this point in time, Judicial Watch was not able to respond to, or challenge these newly discovered facts. Judicial Watch's surreply will assist the Court in its

adjudication of the issues related to DHS' request for an *Open America* stay and the surreply will not unduly prejudice DHS. Lastly, Judicial Watch's surreply is not simply a reiteration of the arguments it made previously.

WHEREFORE, Judicial Watch respectfully requests entry of an order granting Plaintiff's motion for leave to file the attached surreply.

July 9, 2007                                              Respectfully submitted,

                                                          JUDICIAL WATCH, INC.

                                                          /s/ Meredith L. Di Liberto
                                                          D.C. Bar No. 487733
                                                          Suite 500
                                                          501 School Street, S.W.
                                                          Washington, DC 20024
                                                          (202) 646-5172

                                                          Attorneys for Plaintiff


## LOCAL RULE 7(m) CERTIFICATE OF COUNSEL

On July 6, 2007, I attempted to contact Quan Luong, Esq., counsel for Defendant DHS, by email, to confer and inquire whether his client would consent to the motion for leave to file a surreply. On July 9, 2007, I contacted Mr. Luong who stated that he opposed the motion.

                                                          /s/ Meredith L. Di Liberto

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| JUDICIAL WATCH, INC. | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 1:07-cv-00506 (RJL) |
| | ) | |
| v. | ) | |
| | ) | |
| U.S. DEPARTMENT OF HOMELAND SECURITY, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF'S SURREPLY IN SUPPORT OF ITS OPPOSITION TO
DEFENDANT HOMELAND SECURITY'S MOTION FOR AN *OPEN AMERICA* STAY**

Plaintiff, Judicial Watch, Inc., by counsel, respectfully submits this surreply in support of its opposition to Defendant U.S. Department of Homeland Security's ("DHS") motion for an Open America stay. As grounds thereof, Judicial Watch states as follows:

**MEMORANDUM OF LAW**

On May 21, 2007, DHS filed a motion for an *Open America* stay on Judicial Watch's January 24, 2007 FOIA request. (Docket No. 7). DHS' motion requests an additional eleven (11) months, until and including May 2008, to process Judicial Watch's FOIA request. Memorandum of Points and Authorities in Support of Defendant United States Department of Homeland Security's Motion For an Open America Stay on Plaintiff's FOIA Request ("DHS Stay") at 3, 7. DHS' request is based primarily on its assertion that it is experiencing a heavy workload and has only a reduced staff with which to process FOIA requests. DHS Stay at 5, 9-10. DHS' reply echoed these same assertions. Defendant United States Department of Homeland Security's Reply to Plaintiff's Opposition to an Open America Stay ("DHS Reply") at 1-2 (Docket No. 13).

Judicial Watch has recently discovered that DHS received a substantially similar request seeking records relating to communications between DHS and any agency or agent of the government of Mexico regarding Mr. Aldete-Davila from Congressman Dana Rohrabacher (R-CA). This newly discovered information refutes DHS' assertion that it cannot process Judicial Watch's FOIA request before May 2008.

## ARGUMENT

On or about June 26, 2007, Judicial Watch discovered that Congressman Rohrabacher sent a request to DHS for records relating to communications between DHS and any agency or agent of the government of Mexico regarding Mr. Aldete-Davila. Congressman Rohrabacher sent his request to DHS on March 21, 2007. *See* March 21, 2007 letter, attached hereto as Exhibit 1.[1]

On or about April 30, 2007, DHS responded to the Congressman's request. *See* April 30, 2007 letter, attached hereto as Exhibit 2. DHS' response consisted of a letter responding to each specific request, as well as records produced in response to two requested items. *Id.* Included in these produced records is correspondence between Acting Consul General of Mexico and DHS – precisely the type of records Judicial Watch sought in its January 24, 2007 FOIA request.

This is significant because it means DHS does not need to reinvent the wheel with Judicial Watch's FOIA request. DHS is, in fact, already searching for and producing non-exempt records responsive to a request similar to Judicial Watch's January 24, 2007 FOIA request. This further highlights the unnecessary nature of DHS' request for a stay until May 2008.

---

[1] Congressman Rohrabacher's request was almost two months *after* Judicial Watch served its substantially similar FOIA request on DHS and *after* DHS was served with Judicial Watch's lawsuit. Congressman Rohrabacher sent DHS a second request on May 16, 2007.

2

**CONCLUSION**

For the foregoing reasons, Judicial Watch respectfully requests that the Court deny DHS' motion for an *Open America* stay and require DHS to produce all non-exempt records responsive to Judicial Watch's FOIA request and a *Vaughn* index of withheld records without further delay.

July 9, 2007                                                Respectfully submitted,

                                                                                JUDICIAL WATCH, INC.

                                                                                /s/ Meredith L. Di Liberto
                                                                                D.C. Bar No. 487733
                                                                                Suite 500
                                                                                501 School Street, S.W.
                                                                                Washington, DC 20024
                                                                                (202) 646-5172

# EXHIBIT 1

TOM LANTOS, CALIFORNIA
CHAIRMAN

HOWARD L. BERMAN, CALIFORNIA
GARY L. ACKERMAN, NEW YORK
ENI F.H. FALEOMAVAEGA, AMERICAN SAMOA
DONALD M. PAYNE, NEW JERSEY
BRAD SHERMAN, CALIFORNIA
ROBERT WEXLER, FLORIDA
ELIOT L. ENGEL, NEW YORK
BILL DELAHUNT, MASSACHUSETTS
GREGORY W. MEEKS, NEW YORK
DIANE E. WATSON, CALIFORNIA
ADAM SMITH, WASHINGTON
RUSS CARNAHAN, MISSOURI
JOHN S. TANNER, TENNESSEE
GENE GREEN, TEXAS
LYNN C. WOOLSEY, CALIFORNIA
SHEILA JACKSON LEE, TEXAS
RUBÉN HINOJOSA, TEXAS
JOSEPH CROWLEY, NEW YORK
DAVID WU, OREGON
BRAD MILLER, NORTH CAROLINA
LINDA T. SÁNCHEZ, CALIFORNIA
DAVID SCOTT, GEORGIA
JIM COSTA, CALIFORNIA
ALBIO SIRES, NEW JERSEY
GABRIELLE GIFFORDS, ARIZONA
RON KLEIN, FLORIDA

ROBERT R. KING
STAFF DIRECTOR

PETER M. YEO
DEPUTY STAFF DIRECTOR

DAVID S. ABRAMOWITZ
CHIEF COUNSEL

ONE HUNDRED TENTH CONGRESS

# CONGRESS OF THE UNITED STATES

COMMITTEE ON FOREIGN AFFAIRS
U.S. HOUSE OF REPRESENTATIVES
WASHINGTON, DC 20515

TELEPHONE: (202) 225-5021
HTTP://WWW.FOREIGNAFFAIRS.HOUSE.GOV/

ILEANA ROS-LEHTINEN, FLORIDA
RANKING REPUBLICAN MEMBER

CHRISTOPHER H. SMITH, NEW JERSEY
DAN BURTON, INDIANA
ELTON GALLEGLY, CALIFORNIA
DANA ROHRABACHER, CALIFORNIA
EDWARD R. ROYCE, CALIFORNIA
STEVE CHABOT, OHIO
DONALD A. MANZULLO, ILLINOIS
THOMAS G. TANCREDO, COLORADO
RON PAUL, TEXAS
JEFF FLAKE, ARIZONA
JO ANN DAVIS, VIRGINIA
MIKE PENCE, INDIANA
THADDEUS G. McCOTTER, MICHIGAN
JOE WILSON, SOUTH CAROLINA
JOHN BOOZMAN, ARKANSAS
J. GRESHAM BARRETT, SOUTH CAROLINA
CONNIE MACK, FLORIDA
JEFF FORTENBERRY, NEBRASKA
MICHAEL T. McCAUL, TEXAS
TED POE, TEXAS
BOB INGLIS, SOUTH CAROLINA
LUIS G. FORTUÑO, PUERTO RICO

YLEEM D.S. POBLETE
REPUBLICAN STAFF DIRECTOR

MARK C. GAGE
REPUBLICAN SENIOR POLICY ADVISOR

KIRSTI T. GARLOCK
REPUBLICAN CHIEF COUNSEL

March 21, 2007

Secretary Michael Chertoff
US Department of Homeland Security
Washington, DC 20528

Dear Secretary Chertoff:

As you know, I am Ranking Minority Member of the House Foreign Affairs Committee, International Organizations, Human Rights and Oversight Subcommittee. At my request, Chairman Delahunt has agreed to hold a hearing on what influence the Mexican government had on the case of *The United States v. Ignacio Ramos, et al.*

In light of this, I request that you provide the following documents to my office no later than March 30th, 2007 by 5 PM so that we may fully prepare for this hearing.

1) Copies of I-94 forms, including any parole forms, for Osvaldo Aldrete-Davila from 2005 (commonly referred to as a "Border Crossing Card")
2) INS/ICE files on Osvaldo Aldrete-Davila
3) Any official communication between the Department of Homeland Security and any agency or agent of the government of Mexico regarding the trial of United States v. Ignacio Ramos et al., and/or Osvaldo Aldrete-Davila
4) Dates and amounts of payments made by the US government, including the location of the treatment, for medical care provided to Osvaldo Aldrete-Davila
5) Information on why DHS agent Christopher Sanchez became involved in investigating a DEA drug bust that occurred on October 23, 2005. Mr. Sanchez interviewed witnesses involved in this case, including using his cellular phone to speak to a witness in Mexico. Please provide all documents, including any memos or reports, regarding this incident and Mr. Sanchez's involvement.
6) Correspondence between DHS agent Christopher Sanchez and the US Attorney's office for the Western District of Texas regarding an immunity agreement for Osvaldo Aldrete-Davila
7) Dates and locations for contact between DHS agent Christopher Sanchez and Osvaldo Aldrete-Davila.

Please contact me or Noah Kuschel at (202) 225-2415 should you have any questions.

Thank you for your prompt reply to this request.

Sincerely,

Dana Rohrabacher
Ranking Minority Member
Subcommittee on International Organizations,
Human Rights and Oversight

Cc: William Delahunt, Subcommittee Chairman

# EXHIBIT 2



Office of Inspector General

U.S. Department of Homeland Security
Washington, DC 20528

April 30, 2007

The Honorable Dana Rohrabacher
U.S. House of Representatives
2300 Rayburn Building
Washington, D.C. 20515-0546

Subject: Letter regarding influence of Mexican government and response to Freedom of Information Act Request No. 2007-202

Dear Representative Rohrabacher:

This responds to your letter addressed to Secretary Chertoff regarding the influence, if any, the Mexican government had on the case of the United States v. Ignacio Ramos, et. al. Your letter posed seven separate queries, to which we are pleased to respond, using the same numbering system as your letter.

1. Copies of I-94 forms, including any parole forms, for Osvaldo Aldrete-Davila from 2005 (commonly referred to as a "Border Crossing Card").

**Answer**: Copies of I-94 forms were located and referred to the U.S. Customs and Border Protection Freedom of Information Act (FOIA) unit for review and direct response to you. Copies of parole forms were located and referred to the U.S. Citizenship and Immigration Services FOIA unit for review and direct response to you. These referrals were made in accordance with DHS regulations, which require DHS components to refer records to the entity best able to determine whether to disclose them. Ordinarily, the originating entity is presumed best able to determine whether to disclose the records. See 6 C.F.R. § 5.4(c)(2).

Please note that so-called "Border Crossing Cards" have been replaced by the laser visa program. Mr. Aldrete-Davila entered pursuant to paroles that subjected him to questioning at the port of entry, with the date of each entry being documented.

2. INS/ICE files on Osvaldo Aldrete-Davila.

**Answer**: The OIG is referring this portion of your request to the U.S. Citizenship and Immigration Services FOIA unit for review and direct response to you. See 6 C.F.R. § 5.4(c)(2).

3. Any official communication between the Department of Homeland Security and any agency or agent of the government of Mexico regarding the trial of United States v. Ignacio Ramos et al., and/or Osvaldo Aldrete-Davila.

**Answer**: Enclosed please find a letter, dated March 28, 2005, from the Acting Consul General of Mexico, and a response dated March 31, 2005, from the Department of Homeland Security, Office of Inspector General, Resident Agent in Charge of our El Paso, Texas field office. OIG redacted from the enclosed documents the name and identifying information of the OIG Special Agent to protect the identity of this individual. Absent a Privacy Act waiver, the release of such information concerning this individual would result in an unwarranted invasion of personal privacy in violation of the Privacy Act, 5 U.S.C. § 552a. The information excised is also exempt from disclosure pursuant to sections (b)(6) and (b)(7)(C) of the FOIA, 5 U.S.C. § 552. An enclosure to this letter provides a brief explanation of each FOIA exemption.

4. Dates and amounts of payment made by the U.S. government, including the location of the treatment, for medical care provided to Osvaldo Aldrete-Davila.

**Answer**: After Mr. Aldrete-Davila had surgery conducted to remove the bullet from him, he had the following appointments at the William Beaumont Army Medical Center (WBAMC) on the following dates:

March 24, 2005, Urology and Orthopedics
May 6, 2005: Urology
June 6, 2005: Urology
July 14, 2005: Urology
August 17, 2005: Urology
September 16, 2005: Urology
October 12, 2005: Urology
October 20, 2005: Urology

The total "out-of-pocket" cost to our office was approximately $9,100.00, which includes medical costs for removing the bullet (approximately $8,500.00) and housing costs for OIG agents to guard Mr. Aldrete-Davila during trial (approximately $620.00). For reference, enclosed is a copy of the statement of account from WBAMC. OIG redacted from the enclosed documents Mr. Aldrete-Davila's alien file number referred to as the "A" number and other such identifying information. Alien numbers are a unique personal identifier, similar to Social Security numbers. Therefore, the alien number assigned to Mr. Aldrete-Davila is exempt from public disclosure under Exemption 3 as well as (b)(6) and (b)(7)(C).

5. Information on why DHS agent Christopher Sanchez became involved in investigating a DEA agent drug bust that occurred on October 23, 2005. Mr. Sanchez interviewed witnesses involved in this case, including using his cellular phone to speak to a witness in Mexico. Please provide all documents, including any memos or reports, regarding this incident and Mr. Sanchez's involvement.

**Answer**: The information concerning this request is currently under seal by the United States District Court for the Western District of Texas. Under the FOIA, an agency has no discretion to release any record covered by an injunction, protective order, or court seal that prohibits disclosure. *See GTE Sylvania, Inc. v. Consumers Union*, 445 U.S. 375, 386-387 (1980).

2

6. Correspondence between DHS [special] agent Christopher Sanchez and the US Attorney's office for the Western District of Texas regarding an immunity agreement for Osvaldo Aldrete-Davila.

**Answer**: There is no written correspondence between any Department of Homeland Security, Office of Inspector General special agent and the U.S. Attorney's Office for the Western District of Texas regarding an immunity agreement. The Assistant U.S. Attorney (AUSA) was telephonically informed of Mr. Aldrete-Davila's refusal to meet with any OIG special agent without an immunity agreement. The AUSA then faxed over the Limited Use Immunity agreement that was provided to Mr. Aldrete-Davila when OIG special agents met with him at the U.S. Consulate in Ciuadad Juarez, Chihuahua, Mexico.

We respectfully defer to the Department of Justice (DOJ) on the propriety of offering Mr. Aldrete-Davila immunity and release of any related records. You may wish to submit a FOIA request to DOJ, Executive Office for U.S. Attorneys, FOIA unit.

7. Dates and locations for contact between DHS agent Christopher Sanchez and Osvaldo Aldrete-Davila.

**Answer**: Except for the single meeting with Mr. Aldrete-Davila at the Consulate in Mexico on March 16, 2005, discussed in response to item 6, above, all other meetings were at WBAMC (see response to item 4, above); the DHS OIG El Paso Field Office; the U.S. Attorney's Office in El Paso, Texas, or the Ysleta Port of Entry. Please see the redacted ROI for discussion on the more significant meetings. The ROI is posted on the OIG's website at www.dhs.gov/xfoia/editorial_0755.shtm and a copy has been enclosed for your convenience. Additionally, Mr. Aldrete-Davila was housed as a government witness for two and half days prior to trial, beginning in the late afternoon of February 18, 2006. During that time, Mr. Aldrete-Davila was under government supervision until excused by the U.S. District Judge on February 27, 2006, at which time he was escorted back to the Ysleta Port of Entry by another DHS OIG agent and an agent from the U.S. Border Patrol, Office of Internal Audit.

This is the final action this office will take concerning the documents provided in response to your FOIA request. You have the right to appeal this response. Your appeal must be in writing and received within 60 days of the date of this response. Please address any appeal to:

Associate General Counsel (General Law)
Department of Homeland Security
Washington, D.C. 20528

Both the envelope and letter of appeal must be clearly marked, "Freedom of Information Act/Privacy Act Appeal." Your appeal letter must also clearly identify the OIG's response. Additional information on submitting an appeal is set forth in the Department of Homeland Security regulations at 6 C.F.R. § 5.9.

Should you have any questions, please call me or a member of your staff may call our congressional liaison officer, Ms. Tamara Faulkner, at (202) 254-4100.

          Sincerely,

          Richard L. Skinner
          Inspector General

Enclosures:
    1) Letter of March 28, 2005, from Acting Consul General of Mexico
    2) Letter of March 31, 2005, responding to Acting Consul General of Mexico
    3) Billing statement from William Beaumont Army Medical Center
    4) Document explaining FOIA exemptions

cc:  The Honorable William Delahunt
     DHS Office of Legislative and Intergovernmental Affairs

4

Documents responsive to Request No. 3

0507117



SECRETARÍA DE RELACIONES EXTERIORES
CONSULADO GENERAL DE MÉXICO

DEPARTMENT OF PROTECTION

NUMBER     000818

FILE     710.01

El Paso, Texas,
March 28, 2005

Mr. James Smith
Supervisor in Charge
Office of the Inspector General
Department of Homeland Security
El Paso, Tx.

Dear Mr. Smith,

I would like to make reference to several telephone conversations made between ( )
( 7C ) from the Office of the Inspector General and Mr. Héctor Raúl Acosta,
Consul for Protection from this Consulate General, regarding the need of this office to
contact Mexican national Osvaldo Aldrete-Dávila. Mr. Aldrete-Dávila is a victim and he
presumably will be a material witness in a federal case against two U.S. Border Patrol
agents. We are aware that an investigation is being carried out by your Office.

According to Vienna Convention on Consular Relations, Article 36, it is a privilege for
this consular mission to get access to nationals of its country which are being detained
or involved in an on going investigation.

Your cooperation in this matter will be highly appreciated.

Sincerely,

Víctor Manuel Treviño
Acting Consul General of México





MR. JAMES SMITH
SUPERVISOR IN CHARGE
DEPARTMENT OF HOMELAND SECURITY
1200 GOLDEN CIRCLE
SUITE 230
EL PASO, TX. 79925



NSULADO GENERAL DE MÉXICO



U.S. Department of Homeland Security
Office of Inspector General
Investigations Division
1200 Golden Key Circle, Suite 230
El Paso, Texas, 79925

March 31, 2005

Victor Manuel Trevino
Acting Consul General Of Mexico
Consulado General de Mexico
910 San Antonio Avenue
El Paso, Texas 79901

Dear Sir:

I would like to thank you for your recent correspondence dated March 28, 2005. The United States Department of Homeland Security, Office of Inspector General (OIG) appreciates your inquiry and the concerns expressed. On the date your letter was received, I contacted the United States Department of State, Office of Foreign Missions (OFM) regarding this matter and how it relates to Article 36 of the Vienna Convention on Consular Relations. It is the opinion of OFM, that in light of the facts, Article 36 would not apply in this instance.

I would also like to reference the conversations between OIG Special Agent ( 7C ) and Hector Raul Acosta, Consul for Protection. In these conversations, ( 7C ) advised that the subject of your inquiry, while a victim of crime within the United States, had returned to Mexico and had expressed his wish not to be contacted by anyone other than the OIG regarding this matter.

In accordance with this request, ( 7C ) was unable to provide your office with the contact information for the victim as requested by Mr. Acosta. However, per my direction ( 7C ) contacted the victim and expressed your concerns and desire to make contact. The victim stated he felt no need to speak with Mr. Acosta or any other officer of the Mexican Consulate at this time, and reiterated his desire not to be contacted by anyone outside of the OIG. We feel obligated to honor this request.

If you wish to communicate further on this matter, please feel free to contact me at the El Paso Resident Office at (915) 629-1800.

Sincerely,

James E. Smith
Resident Agent in Charge

Documents responsive to Request No. 4

MRY-30-2006 18:19        MEDICRL EVRLURTION BORRDS                9155691222    P.02/02

DD FORM 7 - 1 APR 50 (CG-CHCSjSAIC)

WM BEAUMONT AMC EL PASO TX                    02 Nov 2005 0944        Page 1

\* ~ \* REPORT OF TREATMENT FURNISHED PAY PATIENTS: 506-2 - \* \*
HOSPITALIZATION FURNISHED (PART A)

WM BEAUMONT AMC EL PASO TX
EL PASO TX 79920-5001
MTF INDEX: SMALL URBAN

PATIENT CHARGE CATEGORY: K66 - NON-MIL FED PRIS-EMERGENCY ON

I: AUTHORITY FOR TREATMENT:

COUNTRY OF ORIGIN: UNITED STATES

| PATIENT IDENTIFICATION ARTICLES/SERVICES | ADM DATE / DSP DATE | DI5P / MEPRS | FINAL DRG |
|---|---|---|---|
| FMP/SSN    REG NO    GRADE | | | |
| DAVILA, OSBALDO A    INPT SERVICES | 16 Mar 2005 | AEAA | 623 |
| FMP: 20  SSN:    GRADE: | 16 Mar | 100S | |
| DISP DIAG: 729.6 - RESIDUAL FB IN SOFT TISSUE | | | |
| CASE WT: 0.9054    RATE: 9381.05 | ACCT CHARGES: | | 8493.60 |

NON-MIL FED PRIS-EMERGENCY ON TOTAL:    1                $ 8493.60

ACCOUNT PREVIOUSLY BILLED BALANCE
AFTER INSURANCE PAYMENTS

DATE                     CERTIFIED AND AUTHENTICATED BY

DD FORM 7 - 1 APR SO (CG-CHCS/SAIC)

RIP
b3
b6
7C

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JUDICIAL WATCH, INC. )<br>)<br>       Plaintiff, )<br>)<br>v. )<br>)<br>U.S. DEPARTMENT OF HOMELAND )<br>SECURITY, *et al.*, )<br>       Defendants. )<br>_____) | Civil Action No. 1:07-cv-00506 (RJL) |

**[PROPOSED] ORDER**

Upon consideration of Plaintiff's Motion For Leave to File a Surreply, any opposition thereto, and the entire record herein, it is hereby

ORDERED that:

1. Plaintiff's motion is granted.

2. Plaintiff's surreply is hereby filed.

SO ORDERED.

DATE:_____                    _____
                                                                          The Honorable Richard J. Leon
                                                                          United States District Judge