*FILED*

SEP 2 5 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **JUDICIAL WATCH, INC.** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | **Civ. Action No. 07cv506 (RJL)** |
| **U.S. DEPARTMENT OF** | ) | |
| **HOMELAND SECURITY,** *et al.* | ) | |
| | ) | |
| **Defendants.** | ) | |

**MEMORANDUM OPINION**
(September 24, 2007)[#14]

Judicial Watch Incorporated ("Judicial Watch") has sued the United States

Department of Homeland Security ("DHS"), the Department of Justice ("DOJ") and the

State Department ("DOS") pursuant to the Freedom of Information Act ("FOIA"), 5

U.S.C. § 552, *et seq.*, seeking to compel the disclosure of documents relating to the

prosecution of two United States Border Patrol agents.  Currently before the Court is

Judicial Watch's motion for a preliminary injunction seeking the immediate release of

certain documents from DOJ.[1]  For the following reasons, the plaintiff's motion will be

DENIED.

**I.  BACKGROUND**

On January 24, 2007, Judicial Watch, a non-profit corporation dedicated to

---

[1]  Since DOS has produced all of the non-exempt relevant documents requested by
plaintiff, the preliminary injunction no longer applies to its production.

"obtain[ing] and disseminat[ing] information about public policy issues and the

operations of government" submitted a FOIA request to the defendant agencies seeking

access to certain records concerning Mr. Osbaldo Aldrete-Davila ("Davila"), a Mexican

national who testified for the Government in the prosecution of two United States Border

Patrol agents who had shot Davila on February 17, 2005, while he was trying to enter the

United States illegally.  Although the defendant agencies were required to respond within

twenty days to this FOIA request, no responsive records were produced.  5 U.S.C. §

552(a)(6)(A)(ii).  Accordingly, on March 16, 2007, Judicial Watch brought suit in this

Court seeking to compel the defendant agencies to produce the records requested and to

pay all attorney's fees and costs.

On May 21, 2007, DHS moved to stay the proceedings, requesting an additional

eleven months to locate the relevant records.[2]  On June 15, 2007, DOJ informed the

plaintiff that it had forwarded its FOIA request to the United States Attorney's Office for

the Western District of Texas, but because the records requested pertain to third parties,

they are protected by the Privacy Act, 5 U.S.C. § 552a, and sections (b)(6) and (b)(7)(c)

of FOIA and, therefore, will not be released absent: 1) express authorization and consent

of the third party; 2) proof that the subject of the request is deceased; or 3) a clear

demonstration that public interest outweighs the personal privacy interest and that

---

[2]  Although the motion for a stay had not been ruled upon prior to the filing of this
preliminary injunction, plaintiff did not seek injunctive relief against DHS.

significant public benefit would result from the disclosure of the records.[3] DiLiberto

Affidavit, Ex. 1.  As a result, plaintiff moved for a preliminary injunction on July 9, 2007,

seeking to enjoin DOS and DOJ from continuing to withhold the requested documents.

Subsequently, DOS provided six pages of responsive documents on July 16, 2007,

which it claims to be all of the responsive documents in its possession.

## II.  ANALYSIS

To prevail in a request for a preliminary injunction, a plaintiff "must demonstrate:

1) a substantial likelihood of success on the merits; 2) that [they] would suffer irreparable

injury if the injunction were not granted, 3) that an injunction would not substantially

injure other interested parties, and 4) that the public interest would be furthered by the

injunction." *Katz v. Georgetown Univ.*, 246 F.3d 685, 687-88 (D.C.Cir.2001) (internal

quotations omitted).  These factors interrelate on a sliding scale and must be balanced

against each other.  *Davenport v. International Brotherhood of Teamsters, AFL-CIO*, 166

F.3d 356, 361 (D.C.Cir. 1999); *Dodd v. Fleming*, 223 F.Supp.2d 15, 19 (D.D.C. 2002).

---

[3]  The Privacy Act, 5 U.S.C. § 552a(b) provides in relevant part: "no agency shall disclose any record which is contained in a system of records by any means of communication to any person, or to another agency, except pursuant to a written request by, or with the prior written consent of, the individual to whom the record pertains."  Under Section (b)(6) of FOIA, "personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy" are not subject to the Act.  5 U.S.C. § 552(b)(6).  Likewise, Section (b)(7) provides that "records or information compiled for law enforcement purposes" are exempt from FOIA if the records "could reasonably be expected to constitute an unwarranted invasion of personal privacy."  5 U.S.C. § 552(b)(7).

However, "[i]f the plaintiff makes a particularly weak showing on one factor...the other factors may not be enough to compensate." *Dodd*, 223 F.Supp.2d at 20 (citing *Taylor v. Resolution Trust Corp.*, 56 F.3d 1497, 1507 (D.C.Cir. 1995), amended on other grounds, 66 F.3d 1226 (D.C.Cir.1995)). Indeed, courts in our Circuit have held that "if a party makes no showing of irreparable injury, the court may deny the motion for injunctive relief without considering the other factors." *Id.* at 20 (citing *CityFed Financial Corp. v. OTS*, 58 F.3d 738, 747 (D.C.Cir. 1995)). Finally, our Circuit mandates that a preliminary injunction cannot be issued unless a movant can "demonstrate at least 'some injury' " to warrant the granting of an injunction, and, if he fails to do so, the court need not consider the remaining factors for issuance of a preliminary injunction. *City Fed. Fin. Corp.*, 58 F.3d at 747. In this case, even assuming *arguendo*, that plaintiff will ultimately prevail on the merits[4], the Court concludes: 1) that Judicial Watch has not demonstrated that either it, or the public, will suffer irreparable harm if these documents are not turned over

---

[4] Plaintiff's likelihood of success, however, is by no means a foregone conclusion in this case. DOJ has opposed plaintiff's FOIA request arguing: 1) that the records requested pertain to third parties (i.e. Mr. Aldrete-Davila) and, therefore, are exempt from disclosure under the Privacy Act and the privacy exceptions of FOIA (which apply to foreign nationals); and 2) that absent a waiver, plaintiff has failed to make the requisite showing of public interest necessary to outweigh Davila's privacy interest.

As to their first point, courts in our Circuit have held that "foreign nationals are entitled to the same privacy rights under FOIA as United States citizens." *Kele v. United States Dept. of Justice*, slip. op., 1987 WL 28472 (D.D.C. Dec. 7, 1987); *Shaw v. United States Dept. of State*, 559 F.Supp. 1053 (D.D.C. 1983). Plaintiff has offered no legal authority to the contrary. Moreover, as to their second point, notwithstanding the fact that the prosecution of the two Border Patrol agents has generated considerable public attention, the plaintiff has not demonstrated that the public interest so outweighs the privacy interests at stake as to warrant an immediate release of these records.

immediately; 2) that granting the injunction would result in a significant hardship on

DOJ, and 3) that the public interest would not be furthered by granting an injunction.

## A. IRREPARABLE HARM

The concept of irreparable harm does not readily lend itself to definition.

However, as our Circuit Court has indicated: "courts have developed several well known

and indisputable principles to guide them in the determination of whether this

requirement has been met." *Wisconsin Gas Co. v. FERC*, 758 F.2d 669, 674

(D.C.Cir.1985) *see also Chaplaincy of Full Gospel Churches v. England*, 454 F.3d 290,

297 (D.C.Cir. 2006). First, the injury must be both "certain and great" and "actual not

theoretical." *Wisconsin Gas,* 758 F.2d at 674; *see also Equal Rights Center v. Post*

*Properties, Inc.,* Slip Op., 2007 WL 2128232 (D.D.C. 2007); *Carabillo v. ULLICO Inc.*

*Pension Plan and Trust*, 355 F.Supp.2d 49 (D.D.C. 2004). Indeed, injunctive relief will

not be granted "against something merely feared as liable to occur at some indefinite time

in the future." *Carabillo*, 355 F.Supp.2d at 54 (D.D.C. 2004)(quoting *Connecticut v.*

*Massachusetts*, 282 U.S. 660, 674, 51 S.Ct. 286, 75 L.Ed. 602 (1931)). Thus, the movant

must demonstrate that the injury is of such "imminence" that there is a clear and present

need for equitable relief to prevent irreparable harm. *Wisconsin Gas*, 758 F.2d at 674.

Here, plaintiff argues that the defendants' failure to produce the requested records

is somehow "harming Judicial Watch's ability to provide information to the public."

DiLiberto Affidavit, ¶ 8. There is no indication, however, that proceeding with the

normal litigation process in this case will injure the plaintiff in a way that is both "certain and great."

Indeed, if plaintiff ultimately succeeds on the merits of its litigation, the records requested will be produced and the only potential injury would be the delay in their disclosure. While plaintiff argues, in effect, that *any* delay is an irreparable harm, there is no indication, that our Circuit Court would sanction such a sweeping contention in the context of FOIA litigation. The injunction that the plaintiff seeks here concerns events that occurred in 2005. A public trial occurred in the Western District of Texas in 2006, and Congress has held hearings this year regarding the case. Indeed, the media, by plaintiff's own acknowledgment, has covered this matter "extensively." Thus, plaintiff has failed to demonstrate *any* time sensitive need for this information that will be irreparably lost if disclosure does not occur immediately. Although plaintiff's desire to have its case decided in an expedited fashion is understandable, that desire, without more, is insufficient to constitute the irreparable harm necessary to justify the extraordinary relief requested here.

## C.  HARM TO THE DEFENDANTS

More significantly, perhaps, the Court concludes that granting plaintiff's motion for a preliminary injunction would impose an unnecessary and costly burden on DOJ. Indeed, compelling DOJ to search for documents, which by plaintiff's very description qualifies them for an exemption under FOIA, strikes this Court as an unreasonable and

wasteful expenditure of government resources. Whether the relevant documents are appropriately exempt, of course, will ultimately be decided by the Court on the merits. Clearly, if the Court finds that these exemptions do not apply, the records will be produced. To compel DOJ to search for those records *before* that decision is made, in the hope that the search *might* ultimately be required, strikes this Court as an inappropriate use of its equitable powers. As a result, the Court finds that the potential harm to the defendant agencies also militates against granting the motion.[5]

## C. PUBLIC INTEREST

Finally, the Court finds that the public interest would be ill served by granting the motion for a preliminary injunction. Although plaintiff has noted the great amount of public attention focused on the subject of plaintiff's FOIA request, such public *attention* does not necessarily establish that the public *interest* would be served by granting the injunction.

First, as noted above, granting the motion for a preliminary injunction would impose a significant and unwarranted hardship on the defendant agencies. Given the finite resources of these agencies, requiring them to search for documents that may ultimately be found to be protected, or to have already been produced, is clearly contrary to the public's interest.

---

[5] Plaintiff's argument that DOJ's refusal to conduct a search is somehow a violation of FOIA is, at best, unsupported. Our Circuit recently concluded that a search is not necessary if the agency properly refuses to confirm or deny the existence of the records. *Butler v. Drug Enforcement Agency,* 2006 WL 398653, *5, n. 2 (D.D.C. 2006).

Second, DOJ has represented that the records requested are protected by the Privacy Act and the privacy exceptions to FOIA. Although the Court may ultimately decide that these protections do not apply, to grant the motion for a preliminary injunction at this early date threatens to trample on statutory privacy protections before a decision on the applicability of those protections has been made. As the public clearly has a strong interest in the preservation of such privacy interests, that interest would not be served by granting the relief requested.

Finally, although plaintiff has averred that this issue has garnered considerable public attention, plaintiff has failed to explain why the public interest can only be served by the *immediate* release of the records requested. As noted above, the events at issue are already several years old and if the plaintiff prevails in this litigation, the records will ultimately be produced. That the public interest can only be served by the immediate release of these records simply has not been demonstrated. Accordingly, for all of these reasons, the Court finds that the public interest is best served by denying the relief requested.

### III. CONCLUSION

Accordingly, because the plaintiff has failed to establish the necessary irreparable harm and because granting the motion would impose a significant hardship on the

defendant agencies and not serve the public interest, plaintiff's motion for a preliminary

injunction will be DENIED.

RICHARD J. LEON
United States District Judge