IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JUDICIAL WATCH, INC., )<br>)<br>Plaintiff, )<br>) C.A. No. 07-0506 (RJL)<br>v. )<br>)<br>U.S. DEPARTMENT OF HOMELAND )<br>SECURITY, et al., )<br>)<br>Defendants. )<br>_____) | |

**PLAINTIFF'S OPPOSITION TO DEFENDANT DEPARTMENT OF JUSTICE'S
THIRD MOTION FOR EXTENSION OF TIME**

Plaintiff Judicial Watch, Inc., by counsel, respectfully submits this opposition to the "Motion for Enlargement of Time to File Summary Judgment Motion" filed by Defendants U.S. Department of Justice ("Defendant DOJ").

**MEMORANDUM OF LAW**

1. On October 31, 2007, the Court entered a briefing schedule setting forth deadlines by which the parties were to file cross-motions for summary judgment. Pursuant to that briefing schedule, Plaintiff filed its motion for partial summary judgment on November 9, 2007.

2. Defendant DOJ's opposition and cross-motion were due on December 14, 2007. Rather than file its opposition and cross-motion on that date, Defendant DOJ requested a substantial extension of time, until and including February 1, 2008, in which to file a cross-motion. Defendant DOJ neglected request an extension of time to file an opposition to Plaintiff's motion at that time. Nonetheless, Plaintiff did not oppose the request, and, by minute order entered on December 19, 2007, the Court granted Defendant DOJ until February 1, 2008 "to file

its cross-motion for summary judgment or otherwise respond to plaintiff's motion for summary judgment."

3.      On or about February 1, 2008, Defendant DOJ contacted Plaintiff and represented that it required an additional two weeks "to consult with other components within the Justice Department to discuss legal issues raised in Plaintiff's motion." Defendant DOJ also represented that, "by February 15, Plaintiff (sic) will have finalized its course of action and will then be able to propose a schedule for summary judgment briefing in this case." Defendant DOJ did not represent that it required additional time in order to accommodate its counsel's schedule. Plaintiff again did not object to the requested extension, and, on February 4, 2008, the Court entered a minute order allowing Defendant DOJ until February 15, 2008 "to propose a schedule for completing the summary judgment briefing."

4.      On February 14, 2008, counsel for Defendant DOJ contacted Plaintiff proposing that it have an additional five (5) week, until March 21, 2008, to "file the response." *See* Exhibit 1. At approximately 6:30 p.m. on February 15, 2008, Defendant DOJ filed its "Motion for Enlargement of Time to File Summary Judgment Motion." Defendant DOJ's motion again neglects to request an extension of time to file an opposition to Plaintiff's November 9, 2007 motion.[1] Plaintiff's motion should be granted by default, and Defendant should be required to search for and produce responsive records without further delay. *See* LCvR 7(b).

5.      Nonetheless, the instant motion has now been pending for over three (3) months and concerns a very simple issue: whether Defendant DOJ is required to conduct a search for

---

[1]     Defendant DOJ's motion also fails to reference to the prior extensions it sought and received, as is required by the Court's March 19, 2007 Case Management Order.

documents responsive to Plaintiff's January 24, 2007 Freedom of Information Act ("FOIA") request. Despite clear D.C. Circuit precedent prohibiting agencies from unilaterally declaring documents responsive to a FOIA request to be *per se* exempt, Defendant DOJ's position appears to be that it does not even have to search. *See* Plaintiff's Motion for Partial Summary Judgment at 4-6. Had Defendant DOJ finally offered to search for the requested records and provide a reasonable date certain for when non-exempt responsive records and a *Vaughn* index of allegedly exempt records would be produced, Plaintiff would have consented. However, Plaintiff cannot consent to an additional five week extension of time, effectively giving Defendant DOJ over four months to explain to Plaintiff and the Court why it should not have to comply with its most basic FOIA obligation of searching for requested records.

Dated:  February 15, 2008                    Respectfully submitted,

                                                        JUDICIAL WATCH, INC.

                                                            /s/
                                                       Paul J. Orfanedes
                                                     D.C. Bar No. 429716
                                                     Jason B. Aldrich
                                                     D.C. Bar No. 495488
                                                     Suite 500
                                                     501 School Street, S.W.
                                                     Washington, DC 20024
                                                     (202) 646-5172

                                                     *Attorneys for Plaintiff*

**EXHIBIT 1**

Case 1:07-cv-00506-RJL   Document 29-2   Filed 02/15/2008   Page 1 of 2

**Paul Orfanedes**

From: Bruce, Blanche (USADC) [Blanche.Bruce@usdoj.gov]
Sent: Thursday, February 14, 2008 4:19 PM
To: porfanedes@judicialwatch.org
Subject: FW: Judicial Watch v. DHS civil no. 07-00506

Paul – see the below e-mail. I mistyped your e-mail address. Blanche

---

**From:** Bruce, Blanche (USADC)
**Sent:** Thursday, February 14, 2008 4:17 PM
**To:** 'porfanedes@judicialwatch.or'
**Subject:** Judicial Watch v. DHS civil no. 07-00506

Paul –

I will need until March 21, 2008 to file the response in Judicial Watch v. DHS 07-00506. How much time do you want for a reply? Based upon your reply, I will need time to respond. I will file the proposed briefing schedule tomorrow 2/15.

Thanks, Blanche (202) 307-6078.

2/15/2008