IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JUDICIAL WATCH, INC., ) | |
| ) | |
| PLAINTIFF ) | |
| ) | |
| v. ) | Civ. No. 1:07-CV-00506 (RJL) |
| ) | |
| ) | |
| UNITED STATES DEPARTMENT ) | |
| OF HOMELAND SECURITY, ) | |
| ET AL., ) | |
| ) | |
| DEFENDANTS ) | |
| ) | |

**DEFENDANT DEPARTMENT OF JUSTICE'S SURREPLY TO "PLAINTIFF'S REPLY TO DEPARTMENT OF JUSTICE'S OPPOSITION TO PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT"**

## Introduction

In this Freedom of Information Act ("FOIA") action Plaintiff is seeking access to documents pertaining to Osbaldo Aldrete-Davila, a Mexican national, who testified in the prosecution of former U.S. Border Patrol Agents Ignacio "Nacho" Ramos and Jose Alonso Compean.  As explained in Defendant Department of Justice's dispositive motion, opposition to Plaintiff's motion for partial summary judgment and in its reply to Plaintiff's opposition, Plaintiff's FOIA claims lack merit. Plaintiff has failed to provide privacy waivers from Mr. Ramos, Mr. Compean, and Mr. Aldrete-Davila; has failed to provide proof that these individuals are deceased; and, has failed to comply with the heightened public interest standard set forth in NARA v. Favish, 541 U.S. 157 (2004) by making a meaningful evidentiary showing that would warrant a belief by a reasonable person that an alleged Government impropriety might have occurred.  See Favish, 541 U.S. at 173-75.

At this point in the litigation, Plaintiff now argues that the release of records created by the Department of Homeland Security, Office of the Inspector General ("DHS OIG"), which are related to DHS OIG internal investigation into the official actions of two DHS employees involving Mr. Davila, have placed the U.S. Attorney's Office records related to the prosecution of Mr. Ramos and Mr. Compean, and Mr. Davila's role in that prosecution, in the public domain. Plaintiff's argument amounts to a one-size-fits-all approach to the balancing of the privacy and public interests under Exemptions 6 and 7(C). Moreover, the implication of Plaintiff's argument is that one agency's release determination with regard to its documents can act to waive another agency's ability to protect its documents. Plaintiff's argument shows a clear lack of understanding of the complex balancing test utilized under the FOIA's privacy exemptions. Furthermore, EOUSA specifically advised Plaintiff that if it was interested in receiving access to public records, these records would be provided. (See Defendant Department of Justice's Cross-Motion for Summary Judgment, Finnegan Declaration ¶ 15, Exhibit H.) To date, Plaintiff has not responded to EOUSA's offer to provide copies of any responsive public documents.

Based upon the defendant's cross-motion for summary judgment and the accompanying declaration of Karen M. Finnegan, Attorney Advisor, EOUSA, filed on March 21, 2008, the entire record herein, and for the reasons set forth below, defendant respectfully suggests that plaintiff's arguments are without legal merit and that defendant is entitled to summary judgment as a matter of law.

**Argument**

**1. Defendant Department of Justice Conducted An Appropriate Balancing Test With Regard to Its Documents**

Plaintiff argues that because the DHS OIG has released certain information pertaining to Mr. Davila that was contained in its records, then the Department of Justice ("DOJ") must release information pertaining to Mr. Davila that is contained in its records. (See Plaintiff's Reply to Defendant Department of Justice's Opposition to Plaintiff's Motion for Partial Summary Judgment [hereafter Plaintiff's Reply] at 4-6.)  The balancing test employed under FOIA Exemptions 6 and 7(C) is a complex one that involves a variety of factors, including the nature of the documents and the identity of the subject(s). A proper balancing test involves a step-by-step decision-making process consisting of three basic steps: (1) determining whether disclosure would threaten a personal privacy interest of an identifiable, living person; (2) determining whether disclosure would shed light on an agency's performance of its statutory duties; and, (3) determining which interest outweighs the other, which requires some assessment and comparison of the relative magnitudes of the two interests.

The requested DOJ documents were compiled for the criminal prosecution of Messrs. Ramos and Compean. Any responsive records pertaining to Mr. Davila were compiled in connection with his role as a government witness in the criminal prosecution. It is well-settled that law enforcement records are inherently sensitive in nature and third parties named in law enforcement records have a strong privacy interest therein. See Davis v. United State Dep't of Justice, 968 F.2d 1276, 1281 (D.C. Cir. 1992). Moreover, persons named in law enforcement records do not lose all their rights to privacy merely because their names have been disclosed. See Fitzgibbon v. CIA, 911 F.2d 755, 768 (D.C. Cir. 1990) (concluding fact that CIA or FBI may have released information about individual elsewhere does not diminish the individual's "substantial privacy interests"); Wiggins v. Nat'l Credit Union Admin., No. 05-2332, 2007 U.S. Dist. LEXIS 6367, at *21 (D.D.C. Jan. 30, 2007) (deciding fact that identities of third parties were disclosed in a related criminal trial does not diminish privacy

interest); see also Melville v. U.S. Dep't of Justice, No. 05-0645, 2006 WL 2927575, at *9 (D.D.C. Oct. 9, 2006) (emphasizing that privacy interest of law enforcement personnel or other third party mentioned in responsive records is not diminished by fact they may have testified at trial). Consequently, given the nature of DOJ's documents–third party law enforcement records–and the fact that the subjects of the requested records are third-party individuals who have not provided their consent to release their records to Plaintiff, the balance tips in favor of withholding.[1] This is especially true in light of the fact that Plaintiff has failed to produce any evidence that would warrant a belief by a reasonable person that an alleged Government impropriety might have occurred. See Favish, 541 U.S. at 173-75.

In contrast, the DHS OIG documents that Plaintiff references in its reply were compiled during the internal investigation into the official actions of Mr. Ramos and Mr. Compean, who at the time of the investigation were employees of the DHS. (See Plaintiff's Reply at 4-5.) Consequently, these records pertain to an internal misconduct investigation, which by its very nature carries a different magnitude of interests because information that would inform the public of violations of the public trust has a strong public interest and is accorded great weight in the balancing process. See Favish, 541 U.S. at 172-173; see also Stern v. FBI, 737 F.2d 84 (D.C. Cir. 1984). Clearly, the DHS OIG would have had a completely different set of considerations to work into the balancing process with

---

[1] It in unclear why Plaintiff points out that Mr. Davila is "presently under indictment for smuggling drugs into the United States," see Plaintiff's Reply, at 6, because investigative subjects retain their privacy interests in the details of the underlying criminal investigation. See Spirko v. USPS, 147 F.3d 992, 998-99 (D.C. Cir. 1998) (protecting suspects' palm- and fingerprints, their interviews and discussions with law enforcement officers, and photographs of former suspects and their criminal histories). This is just another example of Plaintiff's apparent lack of understanding of the strong privacy interests of third parties in their law enforcement records.

regard to its responsive documents then would DOJ. For this reason, each agency's balancing process must be conducted independently so as to address the distinctly different factors relevant for each agency, and to ensure that the privacy and public interests in that agency's records are properly assessed.

2. **Plaintiff Has Not Produced Evidence of Government Impropriety in the Prosecution of Ramos and Compean**

The Supreme Court has firmly held that mere allegations of wrongdoing are "insufficient" to satisfy the public interest standard required under the FOIA. See id. at 173. If mere allegations were all that were necessary to override a personal privacy interest, then that privacy interest would become worthless. See U.S. Dep't of Justice v. Ray, 502 U.S. 164, 179 (1991) ("If a totally unsupported suggestion that the interest in finding out whether Government agents have been telling the truth justified disclosure of private materials, Government agencies would have no defenses against requests for production of private information."). The Favish Court made clear that one who asserts government misconduct as the public interest is held to a higher standard--that of making an evidentiary showing in order to provide even a public interest "counterweight" to the privacy interest and require a balancing of the two. See Favish, at 541 U.S. 173-75. In addition, the requester must establish some nexus between the requested documents and the asserted significant public interest in disclosure. See id. at 175.

Plaintiff has not made any actual allegations of prosecutorial misconduct in the criminal prosecution of Ramos and Compean, but merely speculates that "questions have arisen regarding the actions of the U.S. government officials in prosecuting these agents." (See Plaintiff's Opposition to Defendant Department of Justice's Cross-Motion for Summary Judgment at 2). The Favish Court soundly rejected this type of bare suspicion as the basis for showing public interest in disclosure.

Even if it is conceded that Plaintiff has made mere allegations of prosecutorial misconduct in the prosecution of Messrs. Ramos and Compean, and Defendant DOJ contends that Plaintiff has not, Plaintiff has completely failed to meet the <u>Favish</u> public interest requirements, much less establish some nexus between the requested documents and the public interest in disclosure.[2]

## Conclusion

For the foregoing reasons, and based upon the entire record herein, defendant respectfully submits that its Cross-Motion for Summary Judgment should be granted and that plaintiff's Motion for Partial Summary Judgment should be denied.

Respectfully submitted,

/s/_____
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney

---

[2]   Finally, citing <u>Davis v. DOJ</u>, 968 F.2d 1276, 1279 (D.C. Cir. 1992), Plaintiff claims that Defendant "may not rely on a FOIA exemption to withhold information that has been 'officially acknowledged' or is in the public domain." (<u>See</u> Plaintiff's Reply at 6).   However, Plaintiff has failed to satisfy its "initial burden of pointing to specific information in the public domain that appears to duplicate that being withheld." <u>Center for International Environmental Law v. Office of the United States Trade Representative</u>, 237 F.Supp. 2d 17, 33 (D.D.C. 2002) (citing <u>Public Citizen v. Dep't of State</u>, 11 F.3d 198, 201 (D.C.Cir.1993) ( "FOIA plaintiffs cannot simply show that similar information has been released, but must establish that a specific fact already has been placed in the public domain.")).   Plaintiff cannot meet this burden because the documents released by the DHS OIG originated in that agency, and are unique to its mission. The mission of Defendant DOJ is distinctly different than other governmental agencies, especially its mission to prosecute violations of federal law.  In fulfilling these unique missions, the DHS OIG and the USAO would have had completely different reasons and focus in creating any responsive documents.  Consequently, any conclusion that the information released in the DHS OIG's documents is duplicative of the information that is contained in the withheld DOJ documents solely on the basis that it pertains to Mr. Davila is specious.

/s/_____
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney


/s/_____
BLANCHE L. BRUCE, D.C. BAR # 960245
Assistant United States Attorney
555 Fourth Street, N.W., Room E-4220
Washington, D.C. 20530
(202) 307-6078

Of Counsel:
Karen Finnegan