UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JUDICIAL WATCH, INC. | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Civil Case No. 07-506 (RJL) |
| U.S. DEPARTMENT OF | ) |
| HOMELAND SECURITY, *et al.* | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION
(February 25, 2009) [#24, 30]

Plaintiff Judicial Watch, Inc. filed this Freedom of Information Act ("FOIA") lawsuit, requesting documents pertaining to the prosecution of two border patrol agents convicted of shooting accused drug-smuggler Osbaldo Aldrete-Davila ("Davila"). Plaintiff and defendant U.S. Department of Justice ("DOJ") filed cross-motions for summary judgment. Because plaintiff is seeking information that sheds light on DOJ's performance of its duties, information that "falls squarely within [FOIA's] statutory purpose," *Dep't of Justice v. Reporter's Comm. for Freedom of the Press*, 489 U.S. 749, 773 (1989), defendant's motion for summary judgment is DENIED, and plaintiff's motion for partial summary judgment is GRANTED. The Court finds that defendant must search for and produce all non-exempt responsive documents and compile a *Vaughn* index for exempt records.

## BACKGROUND

On January 24, 2007, Judicial Watch submitted a FOIA request to the defendant agencies seeking certain records concerning Davila, a Mexican national who testified for the

Government in the prosecution of two border patrol agents. Compl. ¶¶ 7-9. Although the defendant agencies were required to respond to this FOIA request within twenty days, 5 U.S.C. § 552(a)(6)(A)(i), they failed to produce any responsive records within that time frame. Compl. ¶¶ 10-12. Accordingly, on March 16, 2007, Judicial Watch brought suit in this Court seeking to compel the defendant agencies to produce the records requested and to pay all attorney's fees and costs. Compl. at 5-6.

On June 15, 2007, the Executive Office for United States Attorneys ("EOUSA"), a component of DOJ, informed plaintiff that it was withholding records pursuant to FOIA Exemptions 6 and 7(C). Def. Statement of Mat. Facts, ¶ 11. The EOUSA had identified potentially responsive records, but, believing the records to be "clearly exempt," did not conduct a document-by-document search. Def. Statement of Mat. Facts, ¶¶ 13-14, 16. Plaintiff filed the motion for partial summary judgment as to defendant DOJ on November 9, 2007, asking this Court to order DOJ to search for and produce all non-exempt responsive records and to create a *Vaughn* index of all exempt records. Defendant DOJ filed a cross-motion for summary judgment on March 21, 2008, asserting that it can withhold the documents under FOIA Exemptions 6 and 7(C).

## LEGAL STANDARD

When assessing a motion for summary judgment under FOIA, the Court shall determine the matter *de novo*. 5 U.S.C. § 552(a)(4)(B). *De novo* review of an agency decision "requires the Court to 'ascertain whether the agency has sustained its burden of demonstrating that the documents requested . . . are exempt from disclosure under the FOIA.'" *Assassination Archives & Research Ctr. v. Cent. Intelligence Agency*, 334 F.3d 55, 57 (D.C. Cir. 2003) (quoting

2

*Summers v. Dep't of Justice*, 140 F.3d 1077, 1080 (D.C. Cir. 1998)). Summary judgment is proper when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). In rendering its decision, a court will draw "all justifiable inferences" in the non-movant's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

## ANALYSIS

FOIA embraces a general philosophy of full disclosure of Government records, unless information is specifically exempted by the Act itself. *Oglesby v. Dep't of Army*, 79 F.3d 1172, 1176 (D.C. Cir. 1996); *Vaughn v. Rosen*, 484 F.2d 820, 823 (D.C. Cir. 1973). Exemptions from disclosure "must be construed narrowly, in such a way as to provide the maximum access consonant with the overall purpose of the Act." *Vaughn*, 484 F.2d at 823.

Defendant claims that any records responsive to plaintiff's request would be exempt under FOIA Exemptions 6 and 7(C). Exemption 6 protects against disclosure of "personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(6). Exemption 7(C) allows agencies to withhold law enforcement records that "could reasonably be expected to constitute an unwarranted invasion of personal privacy[.]" 5 U.S.C. § 552(b)(7)(C). To determine whether an agency has properly invoked these exemptions, a court must balance the weight of the privacy interest against the public's interest in disclosure, keeping in mind FOIA's "basic policy of opening agency action to the light of public scrutiny." *Long v. Dep't of Justice*, 450

3

F. Supp. 2d 42, 62 (D.D.C. 2006) (quoting *Nat'l Ass'n of Home Builders v. Norton*, 309 F.3d 26, 32 (D.C. Cir. 2002)).[1]

In this case, defendant seeks to do more than simply withhold individual records. DOJ argues that because any responsive records would be "clearly exempt from disclosure pursuant to Exemptions 6 and 7(C)," it need not conduct a document-by-document review. Def. Mot. at 3. An agency can properly assert this kind of categorical exemption when the privacy interest in a group of documents typically outweighs the public interest in their release. *Nation Magazine v. U.S. Customs Svc.*, 71 F.3d 885, 893 (D.C. Cir. 1995) ("Only when the range of circumstances included in the category 'characteristically support[s] an inference' that the statutory requirements for exemption are satisfied is such a rule appropriate.") (citation omitted). Defendant argues that any law enforcement record mentioning Davila meets this criterion.

This argument fails because "the mere fact that records pertain to an individual's activities does not necessarily qualify them for exemption." *Id.* at 894-95. Where, as here, the requested records could shed light on agency action – information that falls "squarely within [FOIA's] statutory purpose," *Reporter's Comm.*, 489 U.S. at 773 – an agency must, for each record, conduct a particularized assessment of the public and private interests at stake.

In *Reporter's Comm.*, the Supreme Court found that some law enforcement records were so imbued with a privacy interest, and so devoid of any public interest, that an agency could validly assert Exemption 7(C) without conducting a search for responsive records. 489 U.S. at 776-80. The records at issue in that case were FBI rap sheets, *i.e.* compilations of an

---

[1] The privacy inquires under Exemptions 6 and 7(C) are "essentially the same." *Judicial Watch, Inc. v. Dep't of Justice*, 365 F.3d 1108, 1125 (D.C. Cir. 2004).

4

individual's criminal history from various law enforcement sources. Those records implicated a "substantial" privacy interest, *id.* at 771, and, since they were compilations of information included in various government files, revealed "little or nothing about an agency's own conduct." *Id.* at 773.

The records requested here are quite different. Judicial Watch asks for four categories of information: (1) communications between DOJ and the Government of Mexico, the Department of State, or the Department of Homeland Security concerning Davila; (2) records concerning the participation of DOJ in coordinating, facilitating, or approving Davila's entries into the United States; (3) information concerning grants of immunity to Davila; and (4) records detailing the terms and conditions permitting Davila to lawfully enter the United States. Pl. Opp. at 3. The types of records responsive to such requests do not "characteristically support[] an inference" that the statutory requirements for the exemption are met. *Nation Magazine*, 71 F.3d at 893. Rather, these records could well be suffused, from top to bottom, with information about DOJ's performance of its duties. Unlike with rap sheets – which are categorically exempt from disclosure because "the privacy interest protected by Exemption 7(C) is in fact at its apex while the FOIA-based public interest in disclosure is at its nadir[,]" *Reporter's Comm.*, 489 U.S. at 780 – the balance between private and public interests in the records requested here is a much closer call. Defendant therefore must conduct an assessment of each responsive document to determine whether it is exempt.

Defendant's argument that *Nat'l Archives and Records Admin. v. Favish*, 541 U.S. 157 (2003), requires plaintiff to put forth evidence of government wrongdoing before defendant must take the step of reviewing responsive documents is unavailing. The extra burden

5

established by *Favish* only applies when the requestor asserts government negligence or improper conduct. 541 U.S. at 174. Judicial Watch makes no such assertion here. Rather, plaintiff states that the information sought "will help answer questions surrounding DOJ's official activities," namely whether and/or how DOJ cooperated with other U.S. government agencies or the government of Mexico in the prosecution of the border patrol agents, and whether and/or how DOJ regularly offers immunity agreements to illegal drug smugglers to aid in the prosecution of U.S. law enforcement officers. Pl. Opp. at 16. In short, Judicial Watch wants to know "what their government is up to." *Reporter's Comm.*, 489 U.S. at 773 (citation omitted). Such information, to say the least, goes to the very heart of FOIA's purpose.

## CONCLUSION

Thus, because the balance between the public and private interests in this case does not characteristically tip in favor of non-disclosure, defendant's motion for summary judgment is **DENIED**, and plaintiff's cross-motion for partial summary judgment is **GRANTED**. Both parties may re-file summary judgment motions after defendant concludes its review of responsive records.

RICHARD J. LEON
United States District Judge